Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
2810 Fifth Street
Davis, California 95618
Telephone: (916) 440-8600
Facsimile:  (916) 440-9610
Email:  kdaly@barth-daly.com

Attorneys for Defendant
ROZZARI YOUNG

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CR-00205-MCE |
| Plaintiff, | **STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING HEARING AND ORDER** |
| v. | Judge:  Honorable Morrison C. England |
| ROZZARI YOUNG, | |
| Defendant. | |

## **BACKGROUND**

On October 11, 2018 the grand jury returned an indictment charging Rozarri Young with violations of 18 U.S.C. § 875(b) – interstate transmission of a threat to injure with intent to extort. On August 22, 2019 Ms. Young waived indictment and pled guilty to two violations of 18 U.S.C. § 875(b).

On March 27, 2020, Congress passed the Coronavirus Aid, Relief and Economic Security Act (CARES Act).  The CARES Act empowered the Judicial Conference of the United Sates and Chief District Judges to authorize felony plea and sentencing hearings by video or telephonic conference if, because of emergency conditions caused by the Covid-19 pandemic, (1) such hearing "cannot be conduct in person without seriously jeopardizing public health and safety," (2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in

{00031262}

that case cannot be further delayed without serious harm to the interests of justice;" and (3) the defendant consents. *Id.*, Pub. L. 116-23 §15002(b)(2), §15002(b)(4).

On March 29, 2020, the Judicial Conference of the United State made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. §1601, et seq.) with respect to the Coronavirus Disease 2019 (Covid-19) have materially affected and will materially affect the functioning of the federal courts generally."

On March 30, 2020, the Chief Judge of this District, per Genera Order 614, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 614 establish that sentencing hearings cannot safely take place in person.

In order to authorize pleas by remote means, however, the CARES Act – as implemented by General Order 614 – also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." The CARES Act and General Order 614 further require that the defendants consent to remote proceedings. Finally, the remote proceeding must be conducted by video conference unless "video conferencing is not reasonably available." In such cases, district courts may conduct hearings by telephone.

The parties hereby stipulate and agree that each of one of the requirements of the CARES Act and General Order 614 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 614, so that the change of plea in this matter may take place via video-teleconference. Specifically, for the reasons set forth below, the parties agree that:

1. For the specific reasons detailed below, the sentencing hearing in this case cannot be further delayed without serious harm to the interests of justice, given the public health restrictions on physical contact and court closures in the Eastern District of California; and

{00031262}

2. The defendant waives her physical presence and consents to remote hearing by videoconference.

**STIPULATION**

Plaintiff, the United States of America, by and through its counsel Heiko Coppola, and defendant Rozarri Young, by and through her counsel Kresta Daly, hereby stipulate as follows:

1. The Governor of the State of California declared a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020 a proclamation declaring a National Emergency was issued in response to the Covid-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings of more than 10 people and practice physical distancing (staying six feet apart) between individuals to potentially slow the spread of Covid-19.  The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4. These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the state and federal emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District of California had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District scheduled to commence before May 1, 2020.  As of the time of filing this stipulation that order has been extended indefinitely.

6. On March 18, 2020, General Order 612 issued, closing each of the courthouses in the Eastern District of California to the public.  If further authorized assigned judges to continue criminal matters to May 1, 2020 or after.  General Order 612 incorporated General Order 611's findings regarding the public health dangers posed by the pandemic.

7. On April 16, 2020, the Judicial Counsel of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(D0, based on the District's "critically law

{00031262}

resources across its relatively heavy caseload." The report accompanying the Judicial Counsel's declaration analyzed the public health dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 29020, General Order 617 issues, continuing court closures through June 1, 2020 and authorizing further continuances of hearings.

9. On May 13, 2020, General Order 618 issued, continuing court closures "until further notice" and authorizing further continuance of hearings.

10. Given these facts, it is essential that judges in this District resolve as many matters as possible by video or tele conference during the Covid-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil cases once in-person hearings resume. If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every judge in this district, when normal operations resume.

11. Ms. Young has been awaiting sentencing for more than 7 months. Based on range of reasonably anticipated sentences and the length of time Ms. Young has already been incarcerated, Ms. Young is risking eligibility for various BOP programs for which she is reasonably expected to qualify and whose help she desperately needs.

12. The sentencing in this case cannot reasonably be delayed without serious harm to the interests of justice.

13. Under CARES Act §15002(b), Ms. Young consents to proceed with this hearing by videoconference. Counsel join in this consent.

///

///

///

1    It is so stipulated.

2    Dated: June 15, 2020                Respectfully submitted,

3                                        BARTH DALY LLP

4
                                         By    /s/ Kresta Nora Daly
5                                              KRESTA NORA DALY
                                               Attorneys for ROZZARI YOUNG
6

7    Dated: June 15, 2020                McGREGOR SCOTT
                                         United States Attorney
8

9                                        By    /s/ Kresta Nora Daly for
                                               HEIKO COPPOLA
10                                             Assistant United States Attorney

11
                                      **ORDER**
12
     1.   The Court adopts the findings above.

13
     2.   Further, the Court specifically finds that:

14
          (a)    The sentencing hearing in this case cannot be further delayed without
15
     serious harm to the interests of justice; and
16
          (b)    The defendant has waived her physical presence at the hearing and
17
     consents to hearing by remote videoconference.
18
     3.   Therefore, based on the findings above, and under the Court's authority under
19
     Section 15002(b) of the CARES Act and General Order 614, the sentencing hearing in this case
20
     will be conducted by videoconference.
21
          IT IS SO ORDERED.
22
     **Dated:  June 18, 2020**
23

24                                       _____
                                         MORRISON C. ENGLAND, JR
25                                       UNITED STATES DISTRICT JUDGE

{00031262}