UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-cr-00205-MCE |
| Plaintiff, | **ORDER** |
| v. | |
| ROZARRI YOUNG, | |
| Defendant. | |

Defendant Rozzari Young ("Defendant") pled guilty to two counts of Interstate Transmission of a Threat to Injure with Intent to Extort in violation of 18 U.S.C. § 875(b). She was sentenced on June 18, 2020, to seventy (70) months of imprisonment followed by a thirty-six (36) month term of supervised release. Presently before the Court is Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release). ECF No. 73.[1] The Government opposes Defendant's request. ECF No. 82. For the reasons that follow, Defendant's Motion is DENIED.

Defendant contends that "extraordinary and compelling circumstances" exist such that he should be released prior to her current anticipated release date in September

---

[1] This Court acknowledges that Defendant has not exhausted all of her administrative remedies because it would be "futile" due her current BOP institution not having a warden. Deft. Mot. at 2-4. Accordingly, despite lack of administrative exhaustion, this Court exercises its discretion to entertain Defendant's Motion. Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir. 1993) (quotation and citation omitted).

1

2023. More specifically, according to Defendant, she is at a heightened risk of serious illness or death from COVID-19 due to her medical conditions: morbid obesity, hypertension, and asthma. Deft. Mot. No. 73, at 11. Given these medical conditions, and the fact that she is African-American, Defendant contends that "despite her young age" she is "among those with the highest risk of death or serious illness from COVID-19." Id. Even having considered Defendant's medical issues, however, the Court concludes that Defendant's release would be inappropriate.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)). Those circumstances are delineated in 18 U.S.C. § 3582(c). "[A]s part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the [Bureau of Prisons ("BOP")] and that request has either been denied or 30 days have passed." United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .

>and that such a reduction is ***consistent with applicable policy statements*** issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr.10 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

>The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

Id. (footnote omitted).

However, the current version of United States Sentencing Guidelines ("USSG") § 1B1.13 refers to only motions filed by the BOP, and does not reference motions filed by the defendant as now allowed under § 3582(c)(1)(A). Aruda, 993 F.3d at 800. Therefore, "'[t]here is as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 801 (quoting United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotations and citations omitted). In sum, "[t]he Sentencing Commission's statements in USSG § 1B1.13 [referenced in the third prong] may inform a district court's discretion for the § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. (citation omitted).

Accordingly, not only does this Court choose to exercise its discretion in considering the USSG § 1B1.13 policy statement, but it utilizes that provision as the

starting point for its § 3582(c)(1)(A) analysis. The USSG policy statement referenced in the third prong provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), she may be "entitled to relief if [s]he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) [s]he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
> . . . .
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,

4

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1.

Here, Defendant contends she suffers from serious physical or medical conditions that make her particularly vulnerable to COVID-19 such that he qualifies for release. The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). She has not met that burden here.

First, the Court absolutely agrees with the Government that Defendant fails to carry her burden to establish compassionate release that potentially satisfies USSG § 1B1.13. Gov. Mot. at 10. Despite all her medical conditions, Defendant's medical records provide that Defendant was being primarily treated for hypertension. Id. at 9. However, Defendant's blood pressure was found to be in the "normal range" and treatment ended. Id. Furthermore, Defendant's medical records do not indicate any history of acute asthmatic attacks or related hospitalizations. Id. Currently, Defendant's medical conditions are being monitored by BOP medical staff and they are treating her as needed. Id. In addition, Defendant is now fully vaccinated against COVID-19. See generally ECF No. 91.

Second, release would be inappropriate after consideration of the 3553(a) factors and because Defendant is a danger to the community. Defendant sought out and preyed on vulnerable family members of missing persons by taking advantage of their desperation for her own personal monetary gain. Id. at 10. Moreover, Defendant has a long criminal history dating back to when she was 14 years old and including other crimes of moral turpitude and violence, including false identification to a peace officer, theft, assault with a deadly weapon, and battery. Id. at 10. The Court is not convinced Defendant will not pick up where she left off if released. Finally, requiring Defendant to serve her full sentence is necessary because "she has still not demonstrated remorse for the additional trauma" she intentional caused the victims through her actions. Id. at 11.

For the reasons set forth above, the Court thus concludes that release would be

inappropriate.  Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (ECF No. 73) is DENIED.

IT IS SO ORDERED.

Dated:  September 22, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE