UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROZARRI VERION YOUNG,

Defendant.

No. 2:18-cr-00205-TLN

**ORDER**

This matter is before the Court on Defendant Rozarri Verion Young's ("Defendant") Motion for Early Termination of Supervised Release. (ECF No. 99.) The Government filed an opposition. (EFC No. 101.) Defendant did not file a reply. After carefully considering the parties' briefing and for the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2019, Defendant pleaded guilty to two counts of Interstate Transmission of a Threat to Injure with Intent to Extort in violation of 18 U.S.C. § 875(b). (ECF Nos. 30, 35.) On June 18, 2020, Defendant was sentenced to serve 70 months of imprisonment to be followed by a 36-month term of supervised release. (ECF Nos. 65, 67.) Defendant began serving her term of supervised release on September 15, 2023. (ECF No. 99 at 1.) Defendant has completed approximately half of her term of supervised release. (*Id.*) On April 9, 2025, Defendant filed the instant motion for early termination of supervised release. (ECF No. 99.)

## II. STANDARD OF LAW

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

## III. ANALYSIS

Defendant argues she has completed over a year of supervision and has no need for further programming or treatment. (ECF No. 99 at 3.) Defendant contends she has maintained steady employment and started a small business, Tuhch basic, LLC, which distributes hygiene kits and other items. (*Id.*) Defendant further contends she is pursuing her General Education Diploma and has demonstrated the ability to manage beyond the supervision period. (*Id.*)

In opposition, the Government argues the § 3553(a) factors do not support early termination of supervised release, citing Defendant's extensive criminal history, substance abuse issues, and lack of evidence showing she has addressed these issues. (ECF No. 101 at 6.) The Government also notes that Defendant's probation officer does not support early termination of supervised release based on Defendant's history of violence, general instability, and three positive drugs tests for marijuana within the last 12 months. (*Id.* at 9.)

The Court commends Defendant on the positive steps she has taken for herself since her release. However, in light of the referenced subset of § 3553(a) factors, Defendant has not shown that early termination of supervised release is justified. Defendant's term and conditions of supervised release are well-supported. Although Defendant seems to argue her good behavior warrants early termination of supervised release, "compliance with release conditions, resumption of employment and engagement of family life are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." *United States v. Bauer*, No. 5:09-cr-00980 EJD, 2012 WL 1259251, at *2 (N.D .Cal. Apr. 13, 2012); *accord United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298, at *2 (E.D. Cal. May 24, 2012) ("[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of . . . [those] serving terms of supervised release and does not warrant early termination.") (internal quotation marks and citation omitted).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is hereby DENIED. (ECF No. 99.)

IT IS SO ORDERED.

**DATED: May 14, 2025**

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE