UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROZARRI VERION YOUNG,<br><br>Defendant. | No. 2:18-cr-00205-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Rozarri Verion Young's ("Defendant") Motion for Early Termination of Supervised Release. (ECF No. 103.) The Government filed an opposition. (ECF No. 108.) Defendant filed a reply. (ECF No. 109.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///

1

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On August 22, 2019, Defendant pleaded guilty to two counts of Interstate Transmission of a Threat to Injure with Intent to Extort in violation of 18 U.S.C. § 875(b). (ECF Nos. 30, 34.) On June 18, 2020, Defendant was sentenced to serve a 70-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 67.) Defendant began serving her term of supervised release on September 15, 2023. (ECF No. 103 at 1.) As of the date of this Order, Defendant has served approximately 26 months of her 36-month term of supervised release.

On April 9, 2025, Defendant filed a motion for early termination of supervised release. (ECF No. 99.) This Court denied the motion, finding early termination was not justified. (ECF No. 102.) Defendant filed the instant motion for early termination of supervised release on September 16, 2025. (ECF No. 103.)

**II.     STANDARD OF LAW**

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

**III.     ANALYSIS**

Defendant asserts she satisfies all criteria for early termination of supervised release. (ECF No. 103 at 3.) Defendant contends she has no need for programming or treatment and highlights that she has maintained steady employment and started a small business. (*Id.*) Defendant acknowledges she had one "minor" violation where she tested positive for marijuana over a year ago. (*Id.*) Defendant also provides a summarized statement of support from her adoptive sister attesting to Defendant's ability to care for her kids and household. (*Id.* at 4.)

In opposition, the Government argues the § 3553(a) factors do not support early

1  termination of supervised release for Defendant. (ECF No. 108 at 6.) Specifically, the
2  Government asserts Defendant's extensive criminal history, substance abuse and mental health
3  issues, and the facts underlying her conviction weigh against early termination. (*Id.*) Defendant
4  has put forward no substantive evidence to assure the Court that she has mitigated her substance
5  abuse and mental health issues. (*Id.*) The Government also submits that Defendant's Probation
6  Officer maintains their previous objection to early termination of supervised release, citing the
7  nature of the offense and Defendant's history of violence and prostitution. (*Id.* at 7; ECF No.
8  108-1 at 2.)

9  In reply, Defendant argues the Government's recitation of the underlying facts is
10  inflammatory rather than informative. (ECF No. 109 at 1.) Defendant claims she obtained
11  mental health services and drug monitoring upon her release, and her current mental health
12  provider recommended she "cease drug treatment because she no longer requires those services."
13  (*Id.* at 2.) Defendant asserts that she is, and has been, compliant with her treatment plan since her
14  release, and Probation has not provided any evidence to the contrary. (*Id*.) Defendant also argues
15  she meets the criteria listed in the Judicial Conference's policy recommending early termination
16  after 18 months for persons who meet certain criteria. (*Id.* (*see* ECF No. 103 (citing Guide to
17  Judiciary Policy, vol. 8, part E, § 360.20(c) (2018))).)

18  The Court finds the § 3553(a) factors do not justify early termination of supervised
19  release. The Court commends Defendant on the positive steps she has taken since her release.
20  However, in consideration of the § 3553(a) factors, specifically the nature and circumstances of
21  the offense, history and characteristics of Defendant, and need for adequate deterrence, early
22  termination of supervised release is not warranted. Of particular concern is Defendant's relapse
23  with drug use last year, violating the conditions of her supervision. (*See* ECF No. 67 at 3.)
24  Defendant puts forward no evidence supporting her claim that she no longer needs drug treatment
25  services. The Court ultimately agrees with both the Government and Defendant's Probation
26  Officer that Defendant has not shown her conduct warrants early termination of supervised
27  release.
28  ///

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is hereby DENIED. (ECF No. 103.)

IT IS SO ORDERED.

Date: November 13, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4